UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RALPH HARDING BENTLEY, JR.,

    Plaintiff,

vs.                         Case No. 2:07-cv-573-FtM-29DNF

JOSEPH WHITE, individually and in
his official capacity as Sergeant,
F.D.O.C. Charlotte C.I.,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendant White's Motion to Dismiss (Doc. #25, Motion) filed March 13, 2008. Plaintiff filed a response to the Motion (Doc. #30, Response) on May 2, 2008. This matter is now ripe for review.

**I.**

Plaintiff, Ralph Harding Bentley, Jr. (Plaintiff), initiated this action by filing a *pro se* civil rights complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) on September 10, 2007, while he was confined within the Florida Department of Corrections.[1] Plaintiff attaches various exhibits to his Complaint (Doc.1-2, Exhs. A-G). The Complaint alleges an Eighth Amendment

---

[1] Subsequent to the filing of this action, Plaintiff was released from incarceration. See Notice of Change of Address filed by Plaintiff on March 24, 2008 (Doc. #26).

violation stemming from an incident that occurred on June 5, 2007, while Plaintiff was confined at Charlotte Correctional Institution. Complaint at 8. Plaintiff names as the sole Defendant, Sergeant Joseph White, in both his official and individual capacities. Id. at 21. Plaintiff seeks a declaratory judgment, as well as compensatory and punitive damages as relief. Id.

Defendant White seeks dismissal of the Complaint on the grounds that 1) Plaintiff failed to exhaust his administrative remedies; 2) Eleventh Amendment Immunity; and 3) the allegations of verbal abuse are not actionable under § 1983. See generally Motion.

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). However, the Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the

plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, ____ U.S. _____, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating Conley v. Gibson, 355 U.S. 41 (1957) and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims").

With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834, 836-838 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)); Laurie v. Ala. Court of Crim. Appeals, 256 F.3d 1266, 1275-76 (11th Cir. 2001). This heightened pleading standard requires a plaintiff to allege the facts supporting a § 1983 claim with some specificity. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367, 1368 (11th Cir. 1998) (stressing "that the heightened pleading requirement is the law of this Circuit"). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be

liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nevertheless, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992).

Section 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To establish a claim under § 1983, plaintiff must prove that (1) defendant deprived her of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

**III.**

With respect to the exhaustion issue, Defendant contends that Plaintiff failed to exhaust his claim concerning the June 5, 2007 incident under three different theories. First, Defendant argues that Plaintiff failed to attach to his Complaint a copy of the informal grievance he allegedly filed in connection with the incident. Motion at 4. Second, Defendant argues that Plaintiff failed to file a formal grievance within the time specified. Id. at 5. Third, Defendant argues that Plaintiff's formal grievance

did not grieve or appeal the June 5, 2007 incident, but instead grieved the nonresponse he received to his informal grievance. Id. at 6.

The Prison Litigation Reform Act (hereinafter "PLRA"), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, provides as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

42 U.S.C. § 1997e(a)(emphasis added).

The PLRA's exhaustion requirement is intended to: (1) "eliminate unwarranted federal-court interference with the administration of prisons," (2) "'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case,'" and (3) "'reduce the quantity and improve the quality of prisoner suits.'" Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006)(quoting Porter v. Nussle, 534 U.S. 506, 524-25 (2002)) (internal footnote and citations omitted). As a result of the PLRA, consideration of "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford, 126 S. Ct. at 2382; (referencing Booth v. Churner, 532 U.S. 731, 739 (2001)). See also Bryant v. Rich, 530

F.3d 1368, 1372 (11th Cir. 2008). Additionally, the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. Woodford, 126 S. Ct. at 2382; Nussle, 534 U.S. at 532; Booth, 532 U.S. at 741. Inmates, however, "are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 127 S. Ct. 910, 921 (2007). Rather, pursuant to the PLRA, failure to exhaust administrative remedies is an affirmative defense. Id.

"[T]he PLRA exhaustion requirement requires **full** and **proper** exhaustion."[2] Woodford, 126 S. Ct. at 2387 (emphasis added). Accordingly, in Johnson v. Meadows, 418 F.3d 1152 (11th Cir. 2005), the Eleventh Circuit, noting the "policies favoring exhaustion," held that the PLRA contains a procedural default component which arises where an inmate fails to avail himself in a timely fashion of an institution's administrative process. Id. at 1156, 1159, cert. denied, Johnson v. Meadows, 126 S. Ct. 2978 (2006). Thus, where an inmate's grievance is denied by penal authorities on the basis that the inmate failed to timely pursue all of administrative

---

[2]"[A] prisoner should include as much relevant information as he reasonably can in the administrative grievance process." Brown v. Sikes, 212 F.3d 1205, 1207-1208 (11th Cir. 2000).

remedies, the inmate is barred from bringing a future federal action on that claim since the inmate cannot demonstrate full exhaustion of remedies. See id. at 1158.

Whether an inmate has exhausted his available administrative remedies is a factual issue that is properly made by the court. Bryant v. Rich, 530 F.3d at 1374. Thus, "[e]ven though a failure-to-exhaust defense is non-jurisdictional, it is like a defense for lack of jurisdiction in one important sense: Exhaustion of administrative remedies is a matter in abatement, and ordinarily does not deal with the merits." Id. (footnote, internal quotations, and citations omitted). The defense of exhaustion is properly raise in a motion to dismiss as a "matter of judicial administration." Id. 1375-76. Thus, the court is permitted to look beyond the pleadings to decide disputed issues of fact in connection with the exhaustion defense. Id. at 1377, n.16.

Because Plaintiff's claims stem from his confinement within the Florida Department of Corrections (the "Department"), Plaintiff must have availed himself of the available administrative remedies provided by Department, which has been statutorily mandated to implement "rules relating to . . . grievance procedures which shall conform to 42 U.S.C. § 1997e." Fla. Stat. § 944.331. The Department has established an inmate grievance procedure for all inmates in their custody. Fla. Admin. Code, r. 33-103.001-019.

Specifically, the Department provides inmates with a three-step grievance procedure. First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Id. at r. 33-103.005-.006. Informal grievances are to be filed "within a reasonable time" of the date of the incident. Id. at r. 33-103.011(1)(a). Inmates must file a formal grievance within fifteen days of a response to the informal grievance; or, within fifteen days of the date of the incident if the grievance is used to initiate the grievance process. Id. If the inmate's issue is not resolved at the institutional level, the inmate may file an appeal to the Office of the Secretary of the Department. Id. at r. 33-103.007.

Upon review of the Complaint and the exhibits attached thereto, the Defendant's Motion, and Plaintiff's Response and exhibits thereto, the Court finds that Plaintiff did attempt to avail himself of and fully exhaust the Department's three-step administrative process regarding the June 5, 2007 incident. The Court finds particularly persuasive the August 7, 2007 response provided by the Secretary of the Florida Department of Corrections to Plaintiff's Request for Administrative Remedy or Appeal dated July 27, 2007, which in pertinent part states:

> Your allegations of abuse were reported previously to the Office of the Inspector General.  Your issue regarding the grievance process at Glades C.I. is a separate issue and will have to be filed as such.  Furthermore, if you

-8-

> do not receive a response you are allowed to proceed to the next level. In so much as corrective action was initiated at Charlotte C.I. your request for Administrative Appeal is approved from that stand point only.

Complaint, Exh. G. The Secretary, in responding to Plaintiff's Request for Administrative Remedy or Appeal: 1) acknowledged that Plaintiff had initially reported the June 5th incident to officials at Charlotte Correctional, prompting the the Inspector General to undertake an investigation; 2) did not object to the formal grievance to the Warden as untimely; and, 3) did not construe the appeal as Plaintiff appealing a nonresponse to his previous grievances. In fact, the Secretary makes clear that, to the extent that Plaintiff wishes to grieve his claim concerning the failure of the Department to respond to his grievance, it "is a separate issue and will have to be filed as such." Id. Consequently, the Court will deny Plaintiff's Motion to the extent that it seeks dismissal of the action on the basis of Plaintiff's failure to exhaust his available remedies.

## IV.

The Court agrees that, to the extent that Plaintiff seeks monetary damages against Defendant White in his official capacity, Defendant White is entitled to Eleventh Amendment immunity. It is well established that a suit against a defendant governmental officer in his official capacity is the same as a suit against the

entity that employs the officer. See McMillian v. Monroe County, 520 U.S. 781, 785 n.2 (1997); Kentucky v. Graham, 473 U.S. 159, 165 (1985). In Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curium), the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. See Gamble, 779 F.2d at 1513-20.

Accordingly, in Zatler, the court found that the Secretary of the Florida Department of Corrections was immune from suit in his official capacity. Id. Thus, the Court will grant Defendant's Motion to Dismiss insofar as Plaintiff seeks monetary damages from Defendant White in his official capacity because the Eleventh Amendment clearly bars such damages. Nonetheless, the Plaintiff's claim remains viable to the extent that it seeks monetary damages against Defendant White in his individual capacity, as well as declaratory relief in both capacities.

**V.**

Finally, to the extent that Defendant seeks dismissal of the Complaint due to the fact that allegations of verbal abuse do not rise to a constitutional claim, the Motion is denied. Plaintiff's Eighth Amendment claim is not predicated upon only verbal threats

or harassment by Defendant White. Instead, according to the Complaint, after Plaintiff complied with Defendant White's order to be cuffed, Defendants White:

> . . . grabbed both cuffs and ground them forcefully onto [Plaintiff's] wrists . . . Complaint at 13, ¶22;
>
> . . . grabbed the cuff chain and grabbed [Plaintiff] in [the] back of [his] head and shoved [his] face into the office station door frame very forcefully. Id., ¶23;
>
> He attempted to slam [Plaintiff] again . . . slamming [Plaintiff's] right shoulder (collar bone area) into the door frame, cutting open [Plaintiff's] right shoulder. Id.
>
> . . . Sergeant White slammed [Plaintiff] into the door frame (5) or (6) times before he stopped. Id., ¶24.
>
> Holding the handcuffs from behind . . . Sergeant swung [Plaintiff] causing [him] to impact the desk edge on the office. That impact cut [Plantiff] on [his] lower left stomach area." Id. at 14, ¶25.
>
> Sergeant White . . . again rammed [Plaintiff] into the office station frame door in the process of escorting [Plaintiff] out of the office station." Id., ¶28.
>
> Sergeant White escorted [Plaintiff] . . . out of the presence of everyone in the chow hall and slammed [him] into a food storage locker." Id., ¶29.

Thus, although the Complaint alleges that Defendant White threatened Plaintiff and used profanity, these statements were attendant to the allegations that Defendant White used excessive force on Plaintiff.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant White's Motion to Dismiss (Doc. #23) is **GRANTED only to the extent** that Plaintiff's claims for monetary damages against Defendant White in his official capacity are barred by the Eleventh Amendment. In all other respects, **the Motion is DENIED.**

2. Defendant White shall file an Answer to Plaintiff's Complaint **within twenty (20) days of the date** on this Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this __30th__ day of January, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record